UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KY'SHAWN H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5598 RSM <br><br> **ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred in his RFC assessment and erroneously rejected his symptom testimony. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

This is the second time Plaintiff seeks judicial review of his application for SSI. In a 2020 decision, the ALJ found Plaintiff not disabled. AR 17–37. Plaintiff sought review in this Court, and in 2021, this Court reversed the ALJ's decision and remanded the matter for further proceedings. AR 3876–87. On remand, the ALJ conducted a new hearing, where medical expert Dr. Alpern testified. AR 3815–45. In March 2023, the ALJ issued a decision finding Plaintiff not disabled. AR 3787–3814. In relevant part, the ALJ found Plaintiff retains the residual

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

functional capacity (RFC) to perform sedentary work, except Plaintiff can never reach overhead on the left, never climb ladders/ropes/scaffolds, never work at unprotected heights; and perform simple routine tasks.  AR 3795.  Plaintiff now seeks judicial review of the ALJ's 2023 decision.

## DISCUSSION

### 1. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred in rejecting his symptom testimony.  Dkt. 8 at 2–4.[1] Plaintiff testified that since his last hearing, he has experienced more fatigue.  AR 3831.  He explained he takes two to three-hour naps, two to three times throughout the day to manage his condition.  *Id*.  He explained he gets fatigued when he stands, walks, and sits "too much."  AR 3832–33.  He explained he also gets fatigued when going to school and taking classes.  AR 3833.  He stated he can do some household chores, but only for five to ten minutes.  AR 3834.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ found Plaintiff's allegations of fatigue "inconsistent with the medical evidence."  AR 3800.  "When objective medical evidence in the record is *inconsistent*

---

[1] In his Opening Brief, Plaintiff wrote, "The ALJ's RFC is not supported by the longitudinal record."  Dkt. 8 at 2. However, Plaintiff's argument focused on the ALJ's evaluation of his symptom testimony, therefore the Court specifically considered whether the ALJ's rejection of his symptom testimony, not the ALJ's RFC assessment, was supported by substantial evidence.

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498.  The evidence the ALJ cited includes reports of diminished ability to exercise.  AR 676, 678, 704, 3572, 3602–03.  However, they also show that despite Plaintiff's reports of diminished ability, his treating sources assessed he was doing well clinically, with normal respiratory and cardiac examinations and echocardiogram (ECG) tests that remained unchanged.  AR 678, 705, 3573, 3606, 3608, 4131.  They recommended Plaintiff's activities should be "self-limited," but also advised that he engage in regular aerobic exercises, so long as he avoided contact sports. AR 706, 3608.  They observed his "cardiac limitation" to exercise, but they also explained this was a "pattern seen in normal individuals."  AR 4136. Later notes show Plaintiff reported no concerns, that he had been feeling well with no concerns with his cardiac symptoms, chest pain, palpitations, or shortness of breath.  AR 4135.

      Plaintiff argues the treatment notes show there is objective evidence supporting his statements about his fatigue.  Dkt. 8 at 3.  Plaintiff specifically points out a treatment note stating his oxygen consumption was "sub-optimal," but the same note states this could be "partly attributable to his beta blocker," and that Plaintiff did not endorse any chest pain, palpitations or shortness of breath.  *Id*. (citing AR 4123).  In a later treatment note, Plaintiff's treating source again attributed the increase in his fatigue symptoms to the same medication and decided to stop with its use.  *See* AR 3608.  The Court also notes ALJ did not dispute Plaintiff's allegations of fatigue.  Instead, the ALJ determined Plaintiff's testimony about the severity and debilitating nature of his fatigue is at odds with unremarkable medical evidence.  AR 3797.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ' s conclusion that must be upheld."  *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  Given the normal examinations and test results,

assessments stating Plaintiff's ECG remain unchanged, and Plaintiff's own reports, the ALJ could reasonably find Plaintiff's testimony about the severity his symptoms undermined by the medical evidence.

The ALJ also cited to the same records and noted that Plaintiff's conservative treatment indicated his condition was stable. AR 3800. "[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Smartt*, 53 F.4th at 500 (9th Cir. 2022) (quotations omitted). As discussed, Plaintiff's treatment notes show his examinations were normal and unchanged. The ALJ's interpretation of the record is reasonable, thus in rejecting Plaintiff's testimony for this reason, the ALJ did not err.

The ALJ also pointed to Plaintiff's activities. AR 3800. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). The record shows Plaintiff engaged in walking and running, attended community and school events, camped, and spent time with friends, including in a club. AR 3646, 3703, 3706, 3718, 3739. The record also shows Plaintiff continuously applied for jobs and worked, though his hours were reduced for an "unknown reason." AR 3718–19, 3721, 3727, 3733. Prior to the hearing, Plaintiff also attended school one to three times a week in person. AR 198. Plaintiff points out that he testified to several of these activities and that he needs to rest after doing them. Dkt. 8 at 4. But Plaintiff specifically testified that he must take two to three naps a day, with each nap lasting two to three hours. *See* AR 3831. The outlined activities, especially those requiring physical exertion, as the ALJ noted, would be more limited if fully crediting Plaintiff's "complaints of disabling symptoms and limitations." *See* AR 3800. The record does not indicate that to be the case, therefore, in rejecting Plaintiff's testimony based on Plaintiff's

activities, the ALJ did not err.

### 2. Plaintiff's RFC

The ALJ assessed Plaintiff has the RFC to perform sedentary work, except Plaintiff can never reach overhead on the left, never climb ladders/ropes/scaffolds, never work at unprotected heights; and perform simple routine tasks. AR 3795. In so doing, the ALJ accepted the testimony provided during the hearing by medical expert Dr. Alpern. AR 3803–04. Plaintiff does not dispute the ALJ's decision to give weight to Dr. Alpern's opinion but contends the ALJ failed to fully account for the medical expert's proposed limitations, specifically his need to take breaks during an eight-hour period. Dkt. 8 at 4.

Plaintiff points to Dr. Alpern's statement that "[Plaintiff] had to cut his hours and there's evidence that he has some problems." *Id*. (citing AR 3826). The record shows that after doing so, Dr. Alpern proceeded to state Plaintiff should be limited to sedentary work with no left overhead reaching, and no climbing ladders, ropes, or scaffolds. AR 3827. Plaintiff also points out Dr. Alpern testified that fatigue for individuals with Plaintiff's condition will vary for every patient. Dkt. 8 at 4 (citing AR 3829). The record shows that after doing so, Dr. Alpern proceeded to confirm his proposed restrictions. *See* AR 3829. The record does not show Dr. Alpern testified that Plaintiff needed to take breaks. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Here, the RFC determined by the ALJ reflects every limitation in Dr. Alpern's testimony, therefore the ALJ did not err.

//

//

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 5th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
THE CASE - 6